(October 12, 2004)

■ The People of the State of New York, Respondent, v Cedric Darrett, Appellant. [782 NYS2d 436]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered November 30, 1999, convicting defendant, after a jury trial, of murder in the first degree, and sentencing him to life without parole, unanimously modified, on the law and in the interest of justice, the sentence vacated, the matter remanded to the Supreme Court, New York County, for resentencing, and otherwise affirmed.

Upon defendant's appeal from his conviction, this Court held the appeal in abeyance pending a de novo *Huntley* hearing (2 AD3d 16 [2003]). Following the hearing held on April 27, 28 and May 3, 2004 (Rena Uviller, J.), the court, by order dated June 3, 2004, denied defendant's motion to suppress his statement, a determination defendant does not challenge.

After remand, the only remaining appellate issue is defendant's challenge to his sentence. Defendant argues that he is entitled to be resentenced because the court relied on inappropriate factors in sentencing him to life without parole. Furthermore, defendant claims that he was sentenced pursuant to an irrational sentencing scheme. We have no doubt that, based on the court's statements in the sentencing record, it predominantly considered appropriate factors in arriving at its decision to impose a sentence of life without parole for this murder for hire. However, we are disturbed that the court apparently also relied on one inappropriate factor as that factor was expressed in the court's "inappropriate and substantially inaccurate statements at sentencing" (*id.* at 24). These judicial statements at sentencing proved critical in our remand for a second *Huntley* hearing. We therefore believe defendant's request—based on those same inappropriate statements—for a remand for resentencing should be granted (*see e.g. People v Menasche,* 224 AD2d 551 [1996], *lv denied* 88 NY2d 881 [1996] [court's reliance on facts underlying prior similar case in which defendant was acquitted was clearly improper and required that case be remitted for resentencing]). At the new sentencing

proceeding, the sentencing court shall have all the same sentencing options as before.

In light of our determination, we need not, at this juncture, reach defendant's constitutional challenge to New York's sentencing scheme. Concur—Buckley, P.J., Ellerin, Lerner, Friedman and Marlow, JJ.